FILED

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10196 |
| Plaintiff-Appellee, | D.C. No. 3:04-cr-00010-HDM-VPC-1 |
| v. | |
| JERMAINE ALONZO MITCHELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted October 22, 2021
San Francisco, California

Before:  MURGUIA, Chief Judge, and BERZON and BEA, Circuit Judges.

Jermaine Mitchell appeals the district court's order granting him a reduced

sentence pursuant to the First Step Act of 2018 ("F.S.A."). We review the district

court's sentencing decision for abuse of discretion, *see United States v. Carty*, 520

F.3d 984, 993 (9th Cir. 2008) (en banc), and we affirm.

Mitchell was convicted in 2007 of possession with intent to distribute

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

cocaine base in excess of 50 grams, in violation of federal law. Because of his prior controlled substances convictions, Mitchell received a mandatory life sentence. After Mitchell filed a motion for a reduced sentence under the F.S.A., the district court reduced his sentence from a term of life to a term of 360 months. Mitchell appeals the district court's decision not to reduce his sentence further.

Mitchell argues that he no longer qualifies as a career offender today because, due to changes in Nevada law, his prior conviction for violating Nevada Revised Statutes ("N.R.S.") § 453.337 no longer qualifies as a predicate offense for a career offender enhancement under the federal sentencing guidelines. Mitchell argues that the district court therefore should have assigned him a non-career offender guideline range and, alternatively, that the district court erroneously believed it could not consider Mitchell's purported non-career offender status as a sentencing factor under 18 U.S.C. § 3553(a).

Mitchell's assertion that, due to changes in law since his 2007 conviction, his N.R.S. § 453.337 conviction no longer qualifies as a predicate is incorrect.[1] In *United States v. Figueroa-Beltran* (*Figuera-Beltran I*), 892 F.3d 997 (9th Cir. 2018), this Court held that N.R.S. § 453.337 was not a categorical match with the federal Controlled Substances Act ("C.S.A.") but certified to the Nevada Supreme

---

[1] The parties do not dispute that one of Mitchell's other prior offenses, his conviction for violating California Health and Safety Code § 11351.5, still qualifies as a career offender predicate.

Court the question whether the statute is divisible, *see id.* at 1002–04. In turn, the Nevada Supreme Court held that "the identity of a substance" listed in N.R.S. § 453.337 "is an element that must be proven to sustain a conviction under" the statute, "rather than a means of committing the offense." *Figueroa-Beltran v. United States (Figueroa-Beltran II)*, 136 Nev. 386, 396 (2020). "In light of the guidance provided by the Nevada Supreme Court," this Court then held "that § 453.337 is a divisible statute." *United States v. Figueroa-Beltran (Figueroa-Beltran III)*, 995 F.3d 724, 733 (9th Cir. 2021). Mitchell is therefore incorrect to assert that N.R.S. § 453.337 is indivisible.

Mitchell argues that whether his N.R.S. § 453.337 conviction is a career offender predicate remains an open question because *Figueroa-Beltran III* did not specifically address the retroactivity of the Nevada Supreme Court's interpretation of the statute. But "[t]he theory of a judicial interpretation of a statute is that the interpretation gives the meaning of the statute from its inception, and does not merely give an interpretation to be used from the date of the decision." *United States v. City of Tacoma*, 332 F.3d 574, 580 (9th Cir. 2003). The Nevada Supreme Court's and this Court's conclusion that N.R.S. § 453.337 is divisible therefore applies to Mitchell's Nevada conviction.

Because the Nevada statute is divisible, this Court applies the modified categorical approach to determine whether Mitchell's N.R.S. § 453.337 conviction

3

was for possession of a controlled substance listed in the C.S.A., thereby qualifying as a career offender predicate. *Figueroa-Beltran III*, 995 F.3d at 733. To apply the modified categorical approach, a federal court "examine[s] judicially noticeable documents of conviction 'to determine which statutory phrase was the basis for the conviction.'" *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) (en banc) (quoting *Descamps v. United States*, 570 U.S. 254, 263 (2013)). Such judicially noticeable documents include "a limited class of materials, such as charging documents, plea agreements, and judgments of conviction." *Figueroa-Beltran III*, 995 F.3d at 731; *see also Shepard v. United States*, 544 U.S. 13, 16 (2005).

Here, the Nevada information from Mitchell's N.R.S. § 453.337 conviction charges that he "unlawfully and knowingly ha[d] in his possession and under his dominion and control a Schedule I controlled substance, to wit: *cocaine*." Similarly, Mitchell's guilty plea memorandum states that, as to the N.R.S. § 453.337 count, he "willfully, unlawfully and knowingly ha[d] in [his] possession . . . *cocaine*" with the intent to distribute. The C.S.A. lists cocaine as a Schedule II controlled substance. *See* 21 U.S.C. § 812. Mitchell's conviction under N.R.S. § 453.337 accordingly constitutes a career offender predicate offense because he "pled or was found guilty of the elements constituting a federal" controlled substances offense. *Martinez-Lopez*, 864 F.3d at 1039.

4

Because, under current law, Mitchell has at least two prior felony convictions for a controlled substance offense, he still qualifies as a career offender. *See* U.S.S.G. § 4B1.1(a). Mitchell's argument that the district court erred by not considering his purported non-career offender status therefore fails.

**AFFIRMED.**